**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| **In re:**<br><br>**Christopher Robinson**<br>       Debtor<br><br>**NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for New Residential Mortgage LLC**<br>       Movant<br>v.<br>**Christopher Robinson**<br>         Debtor/Respondent<br><br>**WILLIAM C. MILLER, Esquire**<br>         Trustee/Respondent | **Bankruptcy No. 18-15282-mdc**<br><br>**Chapter 13**<br><br>Hearing Date: March 3, 2020<br>Hearing Time: 10:30 a.m.<br>Location: Courtroom #2, 900 Market Street, Suite 400<br>Philadelphia, PA 19107 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Secured Creditor, NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for New Residential Mortgage LLC, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Christopher Robinson, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on August 9, 2018.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 24, 2008, Debtor(s) executed and delivered a Promissory Note ("Note") in the original principal amount of $241,200.00. A true and correct copy of the Note is attached

hereto as Exhibit "A."

4. The Note was secured by a Mortgage was recorded with the Philadelphia Recorder of Deeds on July 3, 2008 as Instrument No. 2008060066. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 6 Cobalt Ridge Dr E, Levittown, PA 19057, ("the Property").

6. The loan was lastly assigned to New Residential Mortgage LLC and same was recorded with the Bucks County Recorder of Deeds on December 11, 2013. True and correct copies of the Assignment of Mortgages are attached hereto as Exhibit "C."

7. Based upon the Debtor(s)' Chapter 13 Amended Plan (the "Plan"), the property is not included within the plan. A true and correct copy of the Plan is attached hereto as Exhibit "D."

8. Co-Debtor, Mary J. Robinson, are liable on and/or has secured the aforementioned debt with the Debtor.

9. Movant alleges that the Debtor(s) are in default to Movant under the terms of the loan documents, having failed to make certain post-petition mortgage payments that have come due. As of January 15, 2020, the post-petition arrearage owed to Movant is $13,263.74 and consists of six (6) monthly mortgage payments in the amount of $1,575.65 each from June 1, 2019 through November 1, 2019 and two (2) monthly mortgage payments in the amount of $1,904.92 each from December 1, 2019 through January 1, 2020.

10. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) and Co-

Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

11. As set forth herein, Debtor has defaulted on his secured obligation as he has failed to make his monthly post-petition installment payments.

12. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

13. Additionally, once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

*[Space intentionally left blank]*

**WHEREFORE**, Secured Creditor, NewRez LLC d/b/a Shellpoint Mortgage Servicing as

servicer for New Residential Mortgage LLC, respectfully requests this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for New Residential Mortgage LLC to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: February 5, 2020

**RAS Crane LLC**
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA 30097
Telephone: 973-575-0707
Facsimile: 973-404-8886
By: */s/ Sheetal R. Shah-Jani*
Sheetal R. Shah-Jani, Esquire
PA I.D. 81760
sshahjani@rascrane.com